MARK W. PIPER

*vs.*

JESSE V. BRANHAM.

*First.* The commissioners of Meeker county could legally, in 1865, levy a tax of four mills on the dollar, for the purpose of paying the current expenses of the county.

*Second.* A county treasurer, upon the delinquent list of personal taxes being delivered to him to collect the taxes on it, may collect them, in the same manner, by distress or otherwise, as upon a duplicate.

Piper v. Branham.

In the year 1865, the board of county commissioners of Meeker county levied on the taxable property of the county a tax of four mills on the dollar, for the purpose of paying the current expenses of the county. On the 1st day of July, 1867, a delinquent tax list was delivered by the auditor of said county to the defendant, who was then treasurer of the county, containing the delinquent taxes of those thus levied in 1865. The defendant proceeding under said list distrained certain property of the plaintiff. The plaintiff, claiming that the board of county commissioners had no authority to levy a tax of four mills on the dollar, and that the treasurer could not distrain for taxes on the delinquent tax list, brought this action in the district court for Meeker county, to recover possession of the property distrained. The action was tried before the court without a jury. The court decided that the tax thus levied was illegal, and could not be enforced, and judgment was entered for the plaintiff. The defendant appeals to this court.

W. P. Warner for Appellant.

———————— for Respondent.

*By the Court*—Gilfillan, Ch. J.—In 1865 the board of county commissioners of Meeker county levied on the taxable property of the county a tax of four mills on the dollar, for the purpose of paying the current expenses of the county. The main question in the case is, whether they could legally do so.

*Section 73, chapter 1, of the Laws of 1860*, provided, that there shall be levied annually taxes for " all county expenses of each of the several counties, other than for roads and bridges ; and for the payment of the interest and principal

of the debts of the county, such rate as the commissioners of such county shall determine to be necessary, not exceeding the following rates, namely : on any amount of such taxable property in such county, a rate of tax not exceeding three mills on the dollar." *Section* 22, *of chapter* 15 of the laws of that year provided that the several boards of county commissioners " shall not in any one year levy for county purposes, a tax to exceed three mills on the dollar of the taxable property in the county, unless first authorized so to do by a vote of the people of the county." The two acts conferred the same authority upon the commissioners acting upon their own power; the latter act enabled them to exceed the limit imposed by each, when they should be authorized by a vote of the people.

*Section* 2, *of chapter* 6, *of the Laws of* 1861, amended *section* 22, above cited, so as to make it read : " The several boards of county commissioners are authorized to fix the amount of county tax to be assessed,   *   *   *   *Provided,* that in the counties of Ramsey, Dakota, Rice, Winona, Houston, Hennepin, Goodhue, Olmsted and Wabashaw, no tax shall be assessed to exceed three mills on the dollar of the taxable property of the county for county purposes, unless first authorized so to do by a vote of the people." This restricted the limit to the authority of the commissioners as it existed under the laws of 1860, to the counties named, and had the effect of removing it from all others. It is contended that the limit, three mills on the dollar, was imposed by *section* 73, *chapter* 1, *of the Laws of* 1860, and as the act of 1861 did not mention that section, the limit prescribed by it still continued. Each law of 1860 prescribed the same limit to the power of the commissioners, *per se*, and when the legislature by an act referring to one, showed an intention to remove the limit as to certain counties, it

Piper v. Branham.

necessarily operated as an amendment or repeal to that extent of the other. The intention of the legislature is clear. Experience had proved, that while in the populous and wealthy counties named in the act of 1861, a tax of three mills on the dollar would ordinarily raise sufficient for the current county expenses, such might not be the case with other counties, and that the situation of those other counties in respect to population and wealth, differed so materially, that to fix upon any limit might be productive of serious inconvenience; for that reason, the limit to three mills was retained as to the counties named, and removed as to the others. The levy of four mills was legal.

It appears that in July, 1867, the delinquent list of personal taxes, on which was a tax so levied in 1865, was delivered by the county auditor to defendant, who was treasurer of the county, and upon such list he distrained to collect. The point is made that the treasurer could distrain for taxes only upon the duplicate. While the duplicate is in the treasurer's hands, it is his warrant to collect; but the delinquent list being delivered to him to collect the taxes on it, he may collect them in the same manner, by distress or otherwise, as upon a duplicate. *Section 75, chapter 11, General Statutes.*

The judgment of the court below is reversed, and the cause remanded to enter the proper judgment for defendant.